UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCENT McFADDEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:18-cv-01559-AGF |
| | ) |
| WILLIAM STANGE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Vincent McFadden's motion for reconsideration of the Court's Order denying Petitioner leave to file supplemental appendix. ECF No. 88. After the time for Respondent to file a response had passed, Petitioner filed a notice of additional authority. ECF No. 89. The Court then issued an order directing Respondent to file a response to the additional authority (ECF No. 90), and Respondent filed its response (ECF No. 92). Petitioner then filed a reply. ECF No. 94. This matter is now fully briefed and ripe for disposition. For the reasons set forth below, the Court will deny Petitioner's motion.

### Background

On June 16, 2023, Petitioner filed a motion for leave to file a supplemental appendix. ECF No. 81. Petitioner argued that he should be permitted to supplement the record with the materials he submitted to the Missouri Supreme Court in the state habeas proceedings under Missouri Supreme Court Rule 91 because they are now part of the state court record.

1

After considering the arguments of the parties, the Court denied Petitioner's motion.  ECF No. 87.  Based on the holdings of two recent United State Supreme Court cases, *Shoop v. Twyford*, 596 U.S. 811 (2022) and *Shinn v. Ramirez*, 596 U.S. 366 (2022), the Court found that it could not consider the materials in Petitioner's proposed supplemental appendix because such materials had not properly been part of the state court record.

Petitioner argues that the Court made several misstatements of law in its Order denying Petitioner's motion for leave.  First, Petitioner argues that the materials included in his proposed supplementary appendix were properly part of the state court record.  Petitioner takes particular issue with the Court's determination that the Missouri Supreme Court's one-sentence denial of Petitioner's most recent state habeas petition was an indication that Petitioner's claims raised in that petition were procedurally barred.  Second, Petitioner argues that a ruling in another matter, *Anderson v. Jennings*, No. 1:19-cv-14-JAR (E.D. Mo. Jan. 20, 2023), should persuade the Court to accept Petitioner's supplementary appendix.  Third, Petitioner asserts that the Court should permit the filing of the supplemental appendix under 28 U.S.C. § 2254(g).  Finally, Petitioner contends that denying the Petitioner's request to submit the supplementary appendix would allow Petitioner's death sentence to serve as a vehicle of injustice.

On September 27, 2024, Petitioner filed his notice of additional authority in support of his motion.  ECF No. 89.  Petitioner directs the Court to a recent opinion from the Missouri Supreme Court in *State v. Williams*, Case No. SC83934 (Mo. July 12, 2024).  In this opinion, the Supreme Court of Missouri overruled the motion to withdraw the

warrant of execution filed by petitioner Marcellus Williams.  In footnote 2 of that opinion, the Court states that "after reviewing the results of the DNA testing, this Court has twice rejected William's claim that DNA evidence excludes him as contributor of DNA recovered from the knife." *Id.* at 3, n.2.  Petitioner suggests that this is an indication by the Missouri Supreme Court that its previous summary denials of Mr. Williams' state habeas petitions were decisions made on the merits.  According to Petitioner, this means that *all* of the Missouri Supreme Court's summary denials of habeas petitions, regardless of context, are decisions on the merits.  Petitioner concludes that the Missouri Supreme Court's summary denial of his habeas petition therefore could not have been on procedural grounds but must have been a decision on the merits. Petitioner requests that the Court now find that the summary denial of his Rule 91 petition was in fact a decision on the merits, and therefore Petitioner's proposed supplemental appendix materials were properly before the Missouri courts.  Petitioner further requests that the Court admit the materials in his proposed supplementary appendix for review in this federal habeas action.

In its response, Respondent argues that Petitioner is reading more into the *Williams* decision than is warranted.  In Respondent's view, the Missouri Supreme Court's opinion in *Williams* "are merely a recognition of the unique nature of a freestanding innocence claim under Missouri state law." ECF No. 92 at 3.  Respondent contends that the summary denials of Mr. Williams' previous freestanding innocence claims are not comparable to the summary denial of Petitioner's claims of ineffective assistance and trial court error raised in his most recent Rule 91 petition.  Respondent

3

asks the Court to deny reconsideration and not consider the documents in Petitioner's proposed supplemental appendix "[u]nless and until [Petitioner] demonstrates he can satisfy [28 U.S.C.] § 2254(e)(2) . . . ." *Id.* at 6.

Petitioner contends in his reply that Respondent failed to respond to his motion for reconsideration, and Respondent's response filed as directed by the Court cannot fix Respondent's previous waiver of its right to respond. Instead, Petitioner proposes that Respondent "is limited to arguing the impact of the *Williams* decision." ECF No. 94 at 2. Petitioner then briefly restates its position that the *Williams* opinion is proof that the Missouri Supreme Court's summary denials of Rule 91 petitions are decisions on the merits and cannot be interpreted as dismissals due to procedural default. Petitioner concludes by arguing again that the *Byrd v. Delo* decision is not applicable here.

## Discussion

Although district courts have discretion in ruling on motions for reconsideration, in general, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted).

Reconsideration is not warranted here. The Court carefully considered the arguments Petitioner presented in his motion for leave to file supplementary appendix and presents again now for reconsideration. The Court continues to believe that it correctly denied Petitioner's motion for leave to file supplementary appendix. As the *Shoop* and *Shinn* cases make clear, the Court cannot consider evidence or materials on its habeas review when those materials are not part of the state court record unless Petitioner

4

satisfies the requirements of 28 U.S.C. § 2254(e)(2).  Petitioner has again failed to make such a showing.

Petitioner disputes the applicability of *Byrd v. Delo*[1] in this matter and again contends that the Court should conclude that his recent state habeas petition was denied on the merits under *Harrington v. Richter*.[2]  According to Petitioner, the Court failed to properly assess the distinguishing factual issues in *Byrd* and failed to correctly follow the Supreme Court's ruling from *Harrington*.  Petitioner again ignores the qualifying language from *Harrington* that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that a state court adjudicated the claim on the merits *in the absence of any indication or state-law procedural principles to the contrary*." 562 U.S. at 99 (emphasis added).  Here, there are state-law procedural principles indicating that the Missouri Supreme Court dismissed Plaintiff's Rule 91 habeas petition because such claims were procedurally barred.

The Court is not convinced that the Missouri Supreme Court's July 12, 2024, opinion in *Williams* requires a different result.  The statement made by the Missouri Supreme Court relating to its previous denial of Mr. Williams' habeas petitions for actual innocence does not appear applicable here.  The Court specifically states that it reviewed the DNA test results and rejected Mr. Williams' petitions. *Williams*, Case No. SC83934, at 3, n.2 (Mo. July 12, 2024).  This statement appears in a footnote to the "Facts and

---

[1]     942 F.2d 1226 (8th Cir. 1991).

[2]     562 U.S. 86 (2011).

5

Procedural History" section of the opinion, and it plays no role in the Court's analysis of the legal issues before it.  This Court does not believe that this statement regarding the Missouri Supreme Court's summary disposition of Mr. Williams' habeas petitions can be read as applying to the summary disposition of *all* habeas cases.  The fact remains that Petitioner's habeas petition was denied without explanation and without full briefing, and Missouri procedural rules indicate that this summary dismissal was because the issues Petitioner raised were procedurally defaulted.

      Petitioner's reliance here on the "plain statement" rule from *Harris v. Reed* fares no better.  In *Harris*, the Supreme Court held that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  489 U.S. at 265 (citing *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985) and *Michigan v. Long*, 463 U.S. 1032, 1041 (1983)).  The *Harris* rule is simply irrelevant to the issue here.  Petitioner asks the Court to review evidence from the state court record that was not properly before the state court.  The issue is not whether Petitioner can raise a federal claim that was procedurally defaulted.

      The Court again finds that the materials in Petitioner's proposed supplementary appendix were not properly before the Missouri Supreme Court, and therefore are not properly part of the state record at issue in this case.  Petitioner's motion for reconsideration will be denied.

6

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration is **DENIED**.  ECF No. 88.

Dated this 28th day of January, 2025.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE