UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

VINCENT McFADDEN, )
)
    Petitioner, )
)
v. )     No. 4:18-cv-01559-AGF
)
WILLIAM STANGE, )
)
    Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Vincent McFadden's motion for leave to file supplemental briefing.  ECF No. 95.  Respondent has filed a response.  ECF No. 97.  For the reasons set forth below, Petitioner's motion will be granted.

On January 15, 2025, Petitioner filed his motion for leave to file supplemental briefing regarding 28 U.S.C. § 2254(d)(1).  ECF No. 95.  Petitioner argues that the Supreme Court's recent ruling in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) calls into question to constitutionality of 28 U.S.C. § 2254(d)(1).  At its core, Petitioner's argument is that § 2254(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is unconstitutional because it "compels judges to abdicate their Article III 'judicial power.'"  ECF No. 95 at 3 (quoting *Loper Bright*, 603 U.S. at 414) (Thomas, J., concurring).

On January 29, 2025, Respondent filed his response.  Respondent's primary argument is that Petitioner's motion is simply a method for Petitioner to seek further delay in this case.  Respondent correctly states that Petitioner's petition for writ of habeas

corpus has been fully briefed for nearly four years.  Respondent asks the Court to avoid any further delay and decide the issues raised in the petition on the briefs now before it. Respondent also argues that Petitioner's arguments regarding § 2254 and *Loper Bright* are facially meritless.  Respondent then proceeds to argue the underlying merits of Petitioner's challenge to the constitutionality of § 2254(d)(1).

The Court will grant Petitioner's request for supplemental briefing.  While the Court recognizes that this case has been pending since 2018, neither the Supreme Court, nor the Eighth Circuit, nor any other United States Circuit Court has addressed the precise issue Petitioner intends to raise.  Given the exceedingly high stakes of this litigation to Petitioner and the unsettled legal issues Petitioner wishes to present, the Court will afford Petitioner the opportunity to brief the issue of the constitutionality of § 2254(d)(1) in light of the Supreme Court's ruling in *Loper Bright*.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to file supplemental briefing is **GRANTED**.  ECF No. 95.

**IT IS FURTHER ORDERED** that Petitioner shall have **thirty (30) days** from the date of this Order to file his opening brief on the issue of whether 28 U.S.C. § 2254(d)(1) is constitutional in light of the United States Supreme Court's ruling in *Loper Bright*.

Dated this 4th day of February, 2025.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

2