UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT McFADDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01559-AGF |
| | ) | |
| WILLIAM STANGE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on review of Petitioner Vincent McFadden's request for oral argument regarding the constitutionality of 28 U.S.C. § 2254(d).  ECF No. 104.  For the reasons stated herein, that request will be granted.

On June 28, 2024, the Supreme Court handed down a decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), overruling the doctrine stated in *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), which instructed courts to defer to reasonable interpretations of federal law by non-Article III executive agencies (a doctrine referred to as "*Chevron* deference").  Petitioner claims that the holding in *Loper Bright* calls into question the constitutionality of 28 U.S.C. § 2254(d) ("§ 2254(d)") because *Chevron* deference can be analogized to the deference afforded to reasonable state court findings under § 2254(d).  *See* ECF No. 103.  The Court granted Petitioner's request to file supplemental briefing on this argument (ECF No. 98) and certified the constitutional challenge to § 2254(d) (ECF No. 106).

On March 6, 2025, Petitioner filed his supplemental briefing on the

constitutionality of § 2254(d) in light of *Loper Bright* (ECF No. 103) and moved for a hearing on this issue (ECF No. 104).  Respondent filed his opposition to Petitioner's arguments on April 4, 2025.  *See* ECF No. 109.  Likewise, the Attorney General of the United States intervened and filed its own brief defending the constitutionality of § 2254(d).  *See* ECF No. 112.  Petitioner has replied to both Respondent's and the Attorney General's briefing (*see* ECF Nos. 111, 116); thus, this issue is ripe for review.

Respondent opposes Petitioner's request for oral argument on this issue, asserting that Petitioner's argument lacks any merit.  See ECF No. 110.  However, the very purpose of oral argument would be to aid in the Court's determination of whether Petitioner's argument is meritorious.  The Court agrees with Petitioner that, given the novelty of the legal question raised, oral argument would assist the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for a hearing on the constitutionality of 28 U.S.C. § 2254(d) (ECF No. 104) is **GRANTED**.  The Court will hear arguments on this issue on **Thursday, January 22, 2026 at 3:00 p.m.** in **Courtroom 3N**.  The parties shall have a strict time limit of 20 minutes per side for argument.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of December, 2025.

2